IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROBERT BELLAVIA,                )
                                )
            Petitioner,          )
                                )
     v.                          )    No. 13 C 5465
                                )
UNITED STATES OF AMERICA,        )
                                )
            Respondent.          )

## MEMORANDUM ORDER

Robert Bellavia ("Bellavia") has filed a motion, advanced under 28 U.S.C. §2255(f)(3),[1] to challenge the 30-year sentence that he is now serving as a result of a 1990 prosecution presided over by this Court's then colleague Honorable Ann Williams.[2] But because Bellavia's submission reveals that he has previously sought to invoke Section 2255 by a motion that was denied on June 17, 1999, this current motion must be denied due to his failure to comply with statutory requirements.[3]

Section 2255(h) requires any second or successive motion under that statute "must be certified as provided in section 2244

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

[2] Because Judge Williams has long since been appointed to our Court of Appeals, Bellavia's motion has been assigned to this Court's calendar under this District Court's random assignment system.

[3] Although this Court's review of Bellavia's submission has disclosed that it also faces some substantive problems, no current intrusion into those areas by this Court is appropriate under the circumstances.

by a panel of the appropriate court of appeals." And here in turn are Section 2244(b)(2)(A) and (3)(A):

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless--
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable.
>
> \* \* \*
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

Because Bellavia has improperly come to this District Court in the first instance, it lacks jurisdiction to consider his motion. Accordingly the motion is denied (without prejudice, of course, to his following the path marked out by the cited and quoted statutes).

```
                              _____
                              Milton I. Shadur
                              Senior United States District Judge
```

Date: August 2, 2013